# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| PAUL A. KAHN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 16-00731-CV-W-RK-SSA |
| | ) |
| NANCY A. BERRYHILL, ACTING | ) |
| COMMISSIONER OF SOCIAL | ) |
| SECURITY ADMINISTRATION; | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Plaintiff Paul Kahn's appeal of the final decision of the Commissioner of Social Security ("Commissioner")'s denying his application for period of disability and disability insurance benefits under Title II of the Social Security Act ("Act"). After careful review, the Commissioner's decision is **AFFIRMED**.

## Standard of Review

The Court's review of the Commissioner's decision is limited to determining if the decision "complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole." *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008)); *see also* 42 U.S.C. § 405(g). "Substantial evidence is less than a preponderance of the evidence, but is 'such relevant evidence as a reasonable mind would find adequate to support the [Commissioner's] conclusion.'" *Grable v. Colvin*, 770 F.3d 1196, 1201 (8th Cir. 2014) (quoting *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). In determining whether existing evidence is substantial, the Court takes into account evidence that both supports and detracts from the Administrative Law Judge ("ALJ")'s findings. *Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014) (quotation marks omitted). "If the ALJ's decision is supported by substantial evidence, [the Court] may not reverse even if substantial evidence would support the opposite outcome or [the Court] would have decided differently." *Smith v. Colvin*, 756 F.3d 621, 625 (8th Cir. 2014) (quoting *Davis*, 239 F.3d at 966). The Court does not re-weigh the evidence presented to the ALJ. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005) (citing *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003)). The Court should "defer

heavily to the findings and conclusions of the [Commissioner]." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010) (citation omitted).

## Discussion

By way of overview, the ALJ determined that Plaintiff suffers from the following severe impairments: obesity, degenerative disc disease in the lumbar spine, with radicular pain in the right leg, and status post fracture of the femur. The ALJ also determined that Plaintiff has non-severe impairments, including status post lateral epicondylitis surgery, anxiety, and depression. However, the ALJ found that none of Plaintiff's impairments, whether considered alone or in combination, meet or medically equals the criteria of one of the listed impairments in 20 CFR Pt. 404, Subpt. P, App. 1. Considering Plaintiff's impairments, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform light work with additional postural and environmental limitations. Based on this RFC, the ALJ found Plaintiff capable of performing his past relevant work as an assistant manager. Therefore, Plaintiff was not disabled as defined in the Act from May 1, 2013, through the date of the ALJ's decision.

On appeal, Plaintiff challenges the ALJ's decision on the following six grounds: (1) the ALJ's RFC is legally flawed in that the ALJ failed to assess it on a function-by-function basis;[1] (2) the ALJ's RFC is unsupported by his assessment of Plaintiff's obesity;[2] (3) the ALJ's RFC is unsupported by medical opinion evidence;[3] (4) the ALJ's RFC is unsupported by his own findings that Plaintiff has mild difficulties maintaining concentration, persistence, or pace;

---

[1] An ALJ who specifically addresses the functional areas in which he found a limitation and is silent as to those areas in which no limitation is found is believed to have implicitly found no limitation in the latter. *Brown v. Astrue*, 2010 U.S. Dist. LEXIS 20576, *69 (E.D. Mo. Feb. 17, 2010) (citing *Depover v. Barnhart*, 349 F.3d 563, 567 (8th Cir. 2003).

[2] In his decision, the ALJ sufficiently considered Plaintiff's obesity in numerous references. *See e.g.*, *Baker v. Colvin*, 620 Fed. App'x 550, 557 (8th Cir. 2015). The ALJ found that Plaintiff's obesity was a severe impairment under Step Two, found that Plaintiff's obesity did not qualify as a listed impairment under Step Three, and considered the effects of Plaintiff's obesity within the RFC determination before reaching Step Four.

[3] In making his RFC determination, the ALJ assigned weight to the opinions of Plaintiff's treating physician Dr. Frey and state agency psychologist Dr. Toll based upon the opinions' consistency with the objective findings and other evidence. Here, the record contains substantial medical evidence that supports the ALJ's RFC, which did not support the degree of limitation alleged by Plaintiff. *See Buford v. Colvin*, 824 F.3d 793, 797 (8th Cir. 2016) (citing *Martise v. Astrue*, 641 F.3d 909, 926-27 (8th Cir. 2011) (the ALJ is required to order further medical examinations only if the existing medical record does not provide sufficient evidence to determine whether the claimant is disabled); *see also, Renstrom v. Astrue*, 680 F.3d 1057, 1064-65 (8th Cir. 2012) (It is the province of the ALJ to weigh the medical opinions of record, formulate Plaintiff's RFC, and make the ultimate disability determination.).

(5) the ALJ's RFC is unsupported as to the Plaintiff's mental impairments; and (6) the ALJ's step four determination is unsupported by substantial evidence of the record as a whole.

## Conclusion

Having carefully reviewed the record and the parties' submissions, for the reasons set forth above as well as in the Commissioner's brief, the Court concludes that substantial evidence on the record as a whole supports the ALJ's decision.

It is therefore **ORDERED** that the decision of the Commissioner is **AFFIRMED**.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: September 12, 2017